IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JERRY L. NEISWONGER,
       Plaintiff,

-vs-                                        Civil Action No. 15-1243

CAROLYN W. COLVIN,
COMMISSIONER OF SOCIAL SECURITY,
       Defendant.

AMBROSE, Senior District Judge

## OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 8 and 10). Both parties have filed briefs in support of their motions. (ECF Nos. 9 and 11). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Plaintiff's Motion for Summary Judgment (ECF No. 8) and denying Defendant's Motion for Summary Judgment. (ECF No. 10).

### I. BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits ("DIB") pursuant to the Social Security Act ("Act"). Plaintiff filed his application alleging he has been disabled since March 15, 2010. (ECF No. 6-5, p. 3). Administrative Law Judge ("ALJ"), Dainel F. Cusick, held a hearing on June 25, 2014. (ECF No. 6-2, pp. 34-76). On July 25, 2014, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 6-2, pp. 18-29).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 8 and 10). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the

impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

B. **Residual Functional Capacity ("RFC")** [1]

Plaintiff argues that the ALJ erred in affording "great weight to the RFC posited by Margel Guie, D.O., but then varied from it in making his own RFC determination." (ECF No. 9, p. 8). As such, Plaintiff argues that reversal, or remand in the alternative, is warranted. *Id.,* at p. 10. After a review of the record, I agree that remand is appropriate.

There is no doubt that the ALJ assigned significant weight to Dr. Guie's opinions of Plaintiff's physical impairments. (ECF No. 6-2, pp. 26-27). As the ALJ noted, Dr. Guie opined, *inter alia,* that Plaintiff could stand/walk "slightly less than" 2 hours in an 8-hour workday. *Id.; see also,* ECF No. 6-3, p. 7. Yet, in the RFC, the ALJ found Plaintiff was capable of sedentary work with certain limitations. (ECF No. 6-2, pp. 21-22). In so doing, the ALJ specifically found that

---

[1] RFC refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a).

3

Plaintiff is capable of standing/walking 2 hours in an 8-hour workday without any qualification on the 2 hours limit as placed by Dr. Guie. *Id.* at 21. The ALJ does not explain this variation.

> In evaluating the ability to do less than a full range of sedentary work SSR 96-9p provides:
>
> **Standing and walking:** The full range of sedentary work requires that an individual be able to stand and walk for a total of **approximately** 2 hours during an 8-hour workday. If an individual can stand and walk for a total of **slightly less than 2 hours** per 8-hour workday, **this, by itself, would not cause the occupational base to be significantly eroded.** Conversely, a limitation to standing and walking for a total of only a few minutes during the workday would erode the unskilled sedentary occupational base significantly. For individuals able to stand and walk in between the slightly less than 2 hours and only a few minutes, it may be appropriate to consult a vocational resource.

*Id.* (emphasis added). "Slightly less than" and "approximately" hold very specific and different meanings. According to SSR 96-9p, therefore, it is reasonable to assume that using no qualifying term or using the qualifying term "approximately" would hold the same meaning, but the term "slightly less than" is different from the prior and may require the use of a vocational resource.

In this case, the issue is magnified when the ALJ questions the vocational expert ("VE"). (ECF No. 6-2, pp. 70-74). The ALJ asked the VE to consider a person who is capable of, *inter alia,* sedentary work and can stand or walk for "approximately" two hours in an 8-hour workday. *Id.* at p. 71. The VE testified that there exist jobs in significant numbers in the national economy that Plaintiff could perform. *Id.* at p. 72. Then the ALJ asked the VE to consider a person who is capable of, *inter alia,* stand/walk "less than two hours in an eight-hour workday approximately 20-30 minutes at a time; they need to walk about every 30 minutes for 10 minutes…."[2] *Id.* at p. 73. The VE responded that there are no jobs that this person could perform. *Id.* The ALJ did not, however, ask the VE to consider a hypothetical person who is capable of, *inter alia,* "slightly less than 2 hours" as opined by Dr. Guie.

---

[2] This hypothetical comes from Dr. Macielak's opinion which the ALJ gave little weight. (ECF No. 6-2, p. 27).

4

Certainly, the ALJ is not required to accept Dr. Guie's opinions at all, much less do so wholesale. Nevertheless, an ALJ must set forth the reasons for crediting or discrediting relevant or pertinent medical evidence. *Burnett v. Comm'er of SS,* 220 F.3d 112, 121-22 (3d Cir. 2000). "Although the ALJ 'may properly accept some parts of the medical evidence and reject other parts ... (s)he must consider all of the evidence and give some reason for discounting the evidence (s)he rejects.'" *See Lanza v. Astrue,* No. 08-301, 2009 WL 1147911, at *7 (W.D. Pa. April 28, 2009), *quoting Colon v. Barnhart,* 424 F.Supp.2d 805, 812 (E.D. Pa 2006). "'In the absence of such an indication, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored.'" *Burnett,* 220 F.3d at 121-122*, quoting Cotter v. Harris,* 642 F.2d 700, 705 (3d Cir. 1981). Without the same, a reviewing court cannot make a proper determination. *Id.*

The ALJ is entitled to reject the "slightly less than" limitation, but he must then discuss or explain why he rejected such opinion evidence to which he assigned "significant weight." Conversely, the ALJ is entitled to give the "slightly less than" limitation significant weight, but then he must solicit VE testimony that takes such a limitation into account. The failure to provide the same prohibits me from conducting a proper and meaningful review. Therefore, I find the ALJ erred in this regard. Consequently, remand is warranted for further clarification.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JERRY L. NEISWONGER, | ) | |
| Plaintiff, | ) ) ) | |
| -vs- | ) ) | Civil Action No. 15-1243 |
| CAROLYN W. COLVIN, COMMISSIONER OF SOCIAL SECURITY, | ) ) ) | |
| Defendant. | ) | |

AMBROSE, Senior District Judge

## **ORDER OF COURT**

THEREFORE, this 22nd day of August, 2016, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 8) is granted and Defendant's Motion for Summary Judgment (Docket No. 10) is denied.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and the case is remanded for further administrative proceedings consistent with the foregoing opinion.

                                      BY THE COURT:

                                      s/   Donetta W. Ambrose
                                      Donetta W. Ambrose
                                      United States Senior District Judge